**Form 145**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**David Mark Lachendro**
**Emily Adele Lachendro**
Debtor(s)

Bankruptcy Case No.: 25–23020–JCM

Chapter: 13
Docket No.: 31

### <u>NOTICE – REMINDER</u>

Pursuant to *Fed.R.Bankr.P. 5009(b),* notice is hereby given that the above–captioned case will be closed without an *Order of Discharge* unless a ***Certificate of Completion of Instructional Course Concerning Personal Financial Management,*** *"the Certificate",* is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)(4)(B).* The deadlines are as follows:

***CHAPTER 13 CASES*** – – *Fed.R.Bankr.P. 1007(c)(4)(B)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b).*

***ADDITIONAL CHAPTER 13 CASE CERTIFICATION*** – – *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

(1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

(2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

(3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2);*

(4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

(5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: February 26, 2026

Michael R. Rhodes, Clerk
United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                           Case No. 25-23020-JCM

David Mark Lachendro                                                                              Chapter 13

Emily Adele Lachendro

     Debtors

# CERTIFICATE OF NOTICE

| District/off: 0315-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Feb 26, 2026 | Form ID: 145 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 28, 2026:**

**Recip ID**     **Recipient Name and Address**
db/jdb     + David Mark Lachendro, Emily Adele Lachendro, 336 Gudekunst Road, Zelienople, PA 16063-2610

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2026     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 26, 2026 at the address(es) listed below:**

**Name**     **Email Address**

Brian C. Thompson

     on behalf of Joint Debtor Emily Adele Lachendro bthompson@ThompsonAttorney.com
bthompson@ecf.courtdrive.com;mgillespie@thompsonattorney.com;kfinke@thompsonattorney.com;skennedy@thompsonattorney.com;thompson.brianr111424@notify.bestcase.com

Brian C. Thompson

     on behalf of Debtor David Mark Lachendro bthompson@ThompsonAttorney.com
bthompson@ecf.courtdrive.com;mgillespie@thompsonattorney.com;kfinke@thompsonattorney.com;skennedy@thompsonattorney.com;thompson.brianr111424@notify.bestcase.com

Denise Carlon

     on behalf of Creditor PENNYMAC LOAN SERVICES  LLC dcarlon@kmllawgroup.com

Matthew Fissel

     on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, wbecf@brockandscott.com

District/off: 0315-2                           User: admin                                    Page 2 of 2
Date Rcvd: Feb 26, 2026                        Form ID: 145                                 Total Noticed: 1

Office of the United States Trustee
                        ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
                        cmecf@chapter13trusteewdpa.com


TOTAL: 6